UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SAMUEL NATHANIEL KEARSON,

              **Plaintiff,**

v.                                         **Civil Action No. 2:15cv172**

CAROLYN W. COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

              **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Samuel Nathaniel Kearson's ("Plaintiff") Objections to Magistrate Judge's Report and Recommendation, Doc. 16, and on Plaintiff's and Defendant Acting Commissioner's ("Defendant") cross-Motions for Summary Judgment, Docs. 9, 12. For the reasons below, the Court **SUSTAINS** Plaintiff's objections and **DECLINES** to adopt the portions of the Magistrate Judge's Report and Recommendation ("R&R"), Doc. 15, to which Plaintiff objects. The Court thus **DENIES** Defendant's Motion for Summary Judgment. Doc. 12. The Court **GRANTS** Plaintiff's Motion for Summary Judgment, Doc. 9, to the extent it seeks reversal and remand of Defendant's decision and **DENIES** it to the extent it seeks entry of an order directing the award of benefits. Therefore, the Court **VACATES** and **REMANDS** Defendant's decision for further administrative proceedings.

## I.    BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, <u>inter alia</u>, the following facts. <u>See</u> Doc. 16 at 1.

Plaintiff filed an application for disability insurance benefits ("DIB")[1] with the Social Security

Administration ("SSA") on February 5, 2014, alleging a disability onset date of August 1, 2013.

R&R at 2. The application alleged that Plaintiff suffered from "post-traumatic stress disorder

("PTSD"), traumatic brain injury residuals, post-concussion problems, thoracic strain, lumbar

strain, migraines, sleep apnea, pelvic stress, vertigo, residuals of a wrist injury, and insomnia."

Id. at 3; R. 63, 71.[2] Plaintiff claims that these debilitating conditions prevent him from working.

R&R at 3; R. 63. In the fifteen (15) years prior, Plaintiff had worked as a truck driver and

correctional officer. R. 34–35. He had also been a soldier in the United States Army from 2001

to 2008 and a defense contractor in the Middle East from 2008 to 2012. Id. at 20–21.[3] Plaintiff's

application was denied initially and upon reconsideration.[4] R&R at 2. At Plaintiff's request, an

administrative hearing was conducted on October 27, 2014. Id. The Administrative Law Judge

("ALJ") concluded that Plaintiff was not disabled within the meaning of the Social Security Act

and denied Plaintiff's claim for DIB. R. 29–62. Plaintiff sought to appeal the ALJ's decision,

but the Appeals Council denied his request for review on December 12, 2014, making the ALJ's

decision Defendant's final decision. R&R at 2; see also R. 6–8; 42 U.S.C. §§ 405(g), 1383(c)(3);

---

[1]
> To qualify for DIB, an individual must meet the insured status requirements of the Social Security Act, be under the age sixty-five, file an application, and be under a 'disability' as defined in the Act. 'Disability' is defined, for the purpose of obtaining disability benefits, as the inability to do any substantial gainful activity, by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a); see also 42 U.S.C. §§ 423(d)(1)(A), 416(i)(1)(A). To meet this definition, the claimant must have a 'severe impairment' making it impossible to do previous work or any other substantial gainful activity that exists in the national economy.

R&R at 12 n.5.
> To qualify for DIB, an individual must also establish disability that commenced on or before the last day in which that individual met the insured status requirements of the Social Security Act. See 42 U.S.C. § 423(a), (c); 20 C.F.R. § 404.131(b).

R&R at 13 n.6.
[2] "R" refers to the Certified Administrative Record.
[3] The vocational expert ("VE") testified that Plaintiff's work as a truck driver or "yard jockey" was "semi-skilled, SVP 3, medium exertion level"; his work as a corrections officer was "semi-skilled, SVP 4, very heavy exertion level"; and his work as a project manager on military bases was "skilled, SVP 6, medium [exertion level]." R. 59.
[4] Plaintiff's initial application was denied on April 24, 2014. Id. at 62–71. Plaintiff's application was denied upon reconsideration on May 15, 2014. Id. at 72–81.

20 C.F.R. §§ 404.981, 416.1481.

On April 22, 2015, Plaintiff filed a Complaint against Defendant, seeking judicial review of the SSA's final decision. See Doc. 1. Defendant filed an Answer on July 10, 2015. Doc. 3. After this Court referred the matter to the Magistrate Judge on July 28, 2015, Doc. 5, the Parties filed cross-motions for summary judgment, Docs. 9, 12. On April 28, 2016, the Magistrate Judge issued an R&R, which concludes that substantial evidence supported the ALJ's decision, that Plaintiff suffers "moderate" limitations, R&R at 18; R. 18, and that Plaintiff is capable of performing "light work," R&R at 14; R. 19. Accordingly, the Magistrate Judge RECOMMENDS that summary judgment be GRANTED for Defendant. R&R at 25.

Plaintiff filed his objections to the R&R on May 10, 2016. Doc. 16. Defendant filed a response to the objections on May 24, 2016, Doc. 17, and this matter is now ripe for the Court's consideration.

## II.    STANDARD OF REVIEW

The Court reviews de novo any part of a magistrate judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); see also Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985) (holding that a party can appeal a district court's adoption of a magistrate judge's findings only if the party objected to the R&R). Objections must be "specific and particularized" in order to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." U.S. v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). "Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation," which are treated as waivers or failures to object. Hayslett v. Colvin, No. 7:14cv631, 2016 WL 196080, at *2 (W.D.

Va. Mar. 30, 2016). "[W]hen objections to strictly legal issues are raised and no factual issues are challenged," the district court need not conduct a de novo review. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citing Braxton v. Estelle, 641 F.2d 392 (5th Cir. 1981)). The district court reviewing proper objections to the R&R may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In exercising de novo review, the Court analyzes the Commissioner's final decision using the same standard the magistrate judge uses. Specifically, the Court's review of the Commissioner's decision is limited to determining whether it was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). It is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Johnson, 434 F.3d at 653 (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation marks omitted) (final alteration in original). Thus, if the Court finds that substantial evidence supported the ALJ's factual findings, even if evidence existed to support contrary findings, the ALJ's factual findings must be upheld. See id.

### III.     THE ALJ'S DECISION

During the hearing before the ALJ on October 27, 2014, Plaintiff and a vocational expert ("VE") testified. R. 29–62. On November 12, 2014, the ALJ issued a written opinion finding

that Plaintiff was not disabled under the Act. Id. at 15–25.

The ALJ's five-step analysis resulted in the following findings. (1) Plaintiff has not been engaged in substantial gainful activity since August 1, 2013, the alleged onset date. Id. at 17. (2) Plaintiff has the five (5) severe impairments of "[ ]PTSD[ ], anxiety disorder, degenerative disc disease of the lumbar spine, obstructive sleep apnea, and headaches." Id. (3) Plaintiff's impairments do not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 18. (4) Plaintiff's residual functioning capacity ("RFC") is the ability to "perform [l]ight work" with "only occasional postural activity;" "avoid[ance of] concentrated exposure to loud noise, vibration, and hazards;" "simple[,] routine[,] repetitive tasks;" and "only occasional and superficial interactions with public and co-workers." Id. at 19. Thus, (5) Plaintiff is unable to perform any past relevant work, id. at 23, but (6) he can perform jobs existing in significant numbers in the national economy, id. at 24. The ALJ consequently found that Plaintiff has not suffered a defined disability since August 1, 2013. Id. at 25.

While the ALJ did find that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," he stated that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible . . . ." Id. at 20. The ALJ identified a "significant treatment gap" related to Plaintiff's mental impairments between September 2013 and March 2014. Id. at 21. The ALJ also harbored "serious doubts" about the severity of Plaintiff's headaches, which allegedly started in 2004 or 2005, when he had completed only half of his Army career.[5] Id. Plaintiff not only continued his Army career through 2008, but earned received "fantastic earnings"[6] as a defense

---

[5] Plaintiff testified that his headaches have worsened over time and that he experienced head trauma while serving in the Army from "all of the gun fire" and his "vehicle [being] hit by a[n] IV." Id. at 47.

[6] The ALJ noted in his opinion that he found Plaintiff's allegations of debilitating headaches not entirely credible because he was able to earn $75,000 to $188,000 as a defense contractor between 2008 and 2012. Id. at 21.

contractor until 2012, while the headaches continued. Id. at 21, 51.

## IV.    ANALYSIS

### A.    Introduction

Plaintiff disagrees with the ALJ's conclusion that he is ineligible for DIB. See Doc. 10 at 1–2. In his motion for summary judgment, Plaintiff asserts that the ALJ erred in (1) failing to account for all effects of Plaintiff's mental impairments on his concentration, persistence, or pace in his RFC and (2) relying on vocational testimony that failed to account for all effects of Plaintiff's mental impairments. Id. at 17–22. Defendant responds in her motion for summary judgment that "Plaintiff misconstrues the holding of Mascio"[7] and "fails to cite a single piece of evidence in his argument that would support greater limitations than those already in the RFC." Doc. 13 at 12. Defendant argues that the ALJ's assessment of Plaintiff's limitations "with respect to concentration, persistence, or pace (occasional need for reminders and some difficulty following written instructions), do not indicate in any way that Plaintiff would be off-task while in a work setting." Id. at 16.

In the R&R, the Magistrate Judge rejects Plaintiff's arguments and RECOMMENDS that the Acting Commissioner's final decision be affirmed for three reasons. First, the ALJ properly accounted for the effects of Plaintiff's impairments on his concentration, persistence, or pace. Doc. 15 at 16–22. Second, the VE's testimony contemplated a hypothetical that accounted for all of Plaintiff's impairments. Id. at 23. Third, the Magistrate Judge found that the ALJ appropriately addressed the VA ratings decision. Id. at 23–25.

Plaintiff objects to the R&R for the reasons stated in his Motion for Summary Judgment: (1) the ALJ did not rely on substantial evidence in determining Plaintiff's RFC and (2) the ALJ relied on vocational testimony that failed to account for all effects of Plaintiff's mental

---

[7] Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015).

impairments. Doc. 16 at 2, 6–7. Defendant cites a lack of "evidence that indicates that the RFC failed to accommodate Plaintiff's medically established mental impairments." Doc. 17 at 2. The decision also complied with Mascio, Defendant argues, "because the RFC reflects Plaintiff's actual limitations, or lack thereof, which are supported by substantial evidence." Id. (citing R&R at 22 ("[T]he ALJ has included all of Kearson's actual limitations in the RFC and considered all of the relevant evidence.")).

**B.      Plaintiff's Objections Are Specific.**

Plaintiff inappropriately requests that this Court "give a fresh look at the arguments presented in the briefs filed in this cause [sic]." Doc. 16 at 7. This Court's review is not Plaintiff's opportunity to take a "second bite at the apple." Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). Instead, the Court must exercise de novo review of arguments not raised before the Magistrate Judge. Hayslett, 2016 WL 196080, at *2. This Court in Williams v. Astrue declined to conduct a de novo review of the plaintiff's objections to the R&R because the filing was "practically a verbatim copy of the argument section of Plaintiff's previously-filed summary judgment brief." No. 2:09cv60, 2010 WL 395631, at *2 (E.D. Va. Feb. 2, 2010); Veney, 539 F. Supp. at 844–46 (holding that specific objections were not raised in "an almost verbatim copy" of a previous motion for summary judgment). Importantly, Plaintiff's arguments are not verbatim recitations of those raised in his Motion for Summary Judgment such that his objections to the R&R should be considered general objections. Compare Doc. 16 at 2–6 with Doc. 10 at 17–20.[8] Though Plaintiff again argues the application of Mascio, he objects to the R&R because the Magistrate Judge "confuses [the ALJ's] evidence with findings" and offers his

---

[8] Plaintiff filed his Motion for Summary Judgment, Doc. 10, on September 10, 2015, only six (6) months after the Fourth Circuit decided Mascio. 780 F.3d 632. By May 10, 2016, when Plaintiff filed his objections to the R&R, Doc. 16, district courts in this Circuit had provided more guidance as to Mascio's requirements for RFC findings and vocational hypotheticals. See, e.g., Baker, 2016 WL 3581859 (June 7, 2016); White, 2016 WL 1600313 (Apr. 21, 2016); Hayslett, 2016 WL 196080 (Mar. 30, 2016); Eastwood, 2016 WL 805709 (Feb. 12, 2016); Handy, 2015 WL 9302972 (Dec. 22, 2015); Baez, 2015 WL 9652888 (Dec. 7, 2015); Parker, 2015 WL 5793695 (Sept. 29, 2015).

own "vocational opinion" and other rationales that the ALJ did not provide. See Doc. 16 at 3–6.

Thus, Plaintiff objects to the Magistrate Judge's finding that the ALJ "adequately" incorporated

Plaintiff's concentration, persistence, and pace limitation into his opinion. See id. at 3–4; R&R

at 18. Plaintiff also asserts that the ALJ failed to account for contradictions in the evidence.

Doc. 16 at 2; see Pearson v. Colvin, 810 F.3d 204, 210–11 (4th Cir. 2015) (considering the

district court's finding of the ALJ's "duty to make an independent identification of apparent

conflicts" in the VE's testimony, even though the plaintiff had raised the argument before the

magistrate judge). Therefore, this Court may conduct a de novo review of Plaintiff's two (2)

sufficiently different objections to the R&R. Doc. 16 at 2, 6.

## C.    Mascio v. Colvin Applies.

The Fourth Circuit decided Mascio v. Colvin on March 18, 2015, four (4) months after

the ALJ issued his written opinion in this case. 780 F.3d 632 (4th Cir. 2015); R. 15–25.

Discussing the appropriate handling of a limitation in concentration, persistence, or pace, the

Court held that an ALJ "does not account 'for [the limitation] by restricting the hypothetical

question to simple, routine tasks or unskilled work.'" Id. at 638 (citing Winschel v. Comm'r of

Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)); see White v. Colvin, No. 1:14cv161, 2016 WL

1600313, at *6 (W.D.N.C. Apr. 21, 2016) (extending Mascio to disallow the ALJ's "restricting

the RFC or the hypothetical question . . . to simple, routine, or repetitive tasks"). Mascio

explicitly held that "the ability to perform simple tasks differs from the ability to stay on task.

Only the latter limitation would account for a claimant's limitation in concentration, persistence,

or pace." 780 F.3d at 638.

The Fourth Circuit rejected a per se rule requiring remand of any decision in which the

RFC omits the concentration, persistence, or pace limitation. Id. at 637–38. Instead, the Court

held that an ALJ may explain why the established limitation does not require a corresponding

limitation in the RFC. Id.; see also Baez v. Colvin, No. 2:14cv628, 2015 WL 9652888, at *18 (E.D. Va. Dec. 7, 2015) (including a magistrate judge's explanation that "remand is not appropriate unless the ALJ did not provide an explanation as to why such inquiry [into the plaintiff's ability to stay on task] was not included."). Consequently, if the ALJ finds that the limitation "does not affect [the plaintiff's] ability to work," a resulting hypothetical posed to the VE need not include the concentration, persistence, or pace limitation either. Mascio, 780 F.3d at 638. An ALJ may also satisfy Mascio by restricting a plaintiff to "non-production" work, which appropriately accounts for the plaintiff's inability to concentrate or stay on task. Baker v. Colvin, 2016 WL 3581859, at *3 (E.D. Va. June 7, 2016) (collecting cases). Essentially, an ALJ must sufficiently analyze the effect of a plaintiff's mental limitations on his work capacity to not leave the reviewing court "guess[ing] about how the ALJ arrived at his conclusions." Mascio, 780 F.3d at 637.

**D.    Substantial Evidence Did Not Support the ALJ's Determination of Plaintiff's RFC.**

The Court is tasked with "assess[ing] whether the ALJ's RFC analysis considered the relevant functions, whether his decision provides a sufficient basis to review his conclusions, and, ultimately, whether that decision is supported by substantial evidence in the record." Ashby v. Colvin, No. 2:14-674, 2015 WL 1481625, at *2 (S.D. W. Va. Mar. 31, 2015). "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, 780 F.3d at 636 (alteration in original) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (internal quotation marks omitted).

"When addressing a claimant's mental limitations in concentration, persistence and pace, the ALJ must take into account an individual's ability to stay on task, rather than restricting an individual to 'simple, routine tasks or unskilled work.'" Baker, 2016 WL 3581859, at *3 (citing

Mascio, 780 F.3d at 638). "Numerous district courts have held that an R[F]C limiting an individual to work in a non-production oriented environment properly addresses an individual's ability to stay on task." Id. (citing Eastwood v. Colvin, 2016 WL 805709, at *4 (E.D. Va. Feb. 12, 2016) (analyzing a hypothetical restricted to work performed slower than "assembly-line pace"); Linares v. Colvin, 2015 WL 4389533, at *4 (W.D.N.C. July 17, 2015) (analyzing a hypothetical restricted to work performed "at a nonproduction pace"); Massey v. Colvin, 2015 WL 3827574, at *7 (M.D.N.C. June 19, 2015) (analyzing a hypothetical restricted to "non-production" work)); White, 2016 WL 1600313, at *7 (holding that the ALJ's "nonproduction pace" work restriction properly accounted for the plaintiff's moderate limitation in concentration, persistence, or pace).

Substantial evidence did not support the ALJ's assessment of Plaintiff's mental RFC. First, the ALJ found that Plaintiff had "moderate difficulties" with concentration, persistence, or pace but limited Plaintiff to "simple[,] routine[,] repetitive tasks" without discussing whether Plaintiff had the ability to concentrate or stay on task during a typical work day. R. 18–19; see Mascio 780 F.3d at 638; Wedwick v. Colvin, No. 2:14cv267, 2015 WL 4744389, at *23 (E.D. Va. Aug. 7, 2015).[9] The ALJ attempted to describe why Plaintiff's difficulties were only "moderate" rather than "marked" or "extreme": Plaintiff "reads and helps his son with homework," "pays bills, counts change, handles a savings account, and uses a checkbook/money orders," and "has difficulty following written instructions but he follows spoken instructions well." R. 18. The ALJ did not note in this context that Plaintiff's son was only six (6) years old at the time of the hearing. Id. at 55. Reading age-appropriate books and helping with simple

---

[9] Defendant distinguishes Wedwick from this case because the Wedwick ALJ specifically noted the plaintiff's inability to "sustain" concentration, which required a pace limitation in the RFC. R&R at 20; see 2015 WL 4744389, at *21. However, Plaintiff's established headaches and sensitivity to light, noise, hazards, and vibrations, R. 19, indicate Plaintiff's inability to persist in activities; they are precisely why the ALJ should have explained why Plaintiff's true pace ability did not require a limitation in the RFC and hypothetical.

homework are poor indicators of Plaintiff's true ability to concentrate at work, even on simple or routine tasks.

Second, the ALJ did not account for Plaintiff's inability to work consistently due to his headaches. Plaintiff alleged that his defense contracting supervisors "kn[ew] what [he] had been through" during his Army career and allowed him to have "down time" or "lay down or go to sleep for the day" when he felt a headache developing. Id. at 53–54. When asked about the effect of absenteeism on Plaintiff's ability to keep a job, the VE agreed that "more than one day per month approximately would—would be too high of a level for most employer tolerances[.]" Id. at 61. The VE also agreed that "if the individual is not going to be able to maintain regular attendance or perform work activity on a regular sustained basis due to his impairments, that's going to preclude all work[.]" Id. at 60. The ALJ specified that he found incredible Plaintiff's allegation of "debilitating headaches two to three times a day"[10] and that the evidence "[did] not support the severity of symptoms alleged." Id. at 21, 23. Nevertheless, he classified Plaintiff's headaches as a "severe impairment, albeit not totally disabling" and assessed that they "more so than the PTSD or anxiety affect [Plaintiff's] functioning." Id.

This Court held in Wedwick that though the plaintiff was not "fully credible," once the VE testified her need for unscheduled breaks precluded full-time work, the ALJ was required to limit the plaintiff's concentration, persistence, and pace in the RFC and subsequent hypotheticals. 2015 WL 4744389, at *23. Despite his findings as to Plaintiff's headaches and sensitivities to workplace stimuli, the ALJ did not limit Plaintiff's working hours or days per week in the RFC. See R. 19. In fact, without resolving the contradiction, the ALJ stated that he gave "great weight" to the DDS medical consultant's opinion that Plaintiff can "stand and/or

---

[10] Elsewhere in his opinion, the ALJ cited Plaintiff's testimony that he experienced "three to four headaches per week" in 2014, id. at 21, and currently "two to three times per week," id. at 20. Plaintiff testified that he experiences lengthy headaches, not that they occur multiple times a day. Id. at 47–48.

walk (with normal breaks) for a total of about six hours in an eight-hour workday [and] sit (with normal breaks) for a total of about six hours in an eight-hour workday . . . ." Id. at 22. The ALJ was required to explain why Plaintiff's moderate limitation in concentration, persistence, or pace did not require a corresponding limitation in the RFC. Mascio, 780 F.3d at 637–38.

Therefore, because conflicting evidence was not explained and substantial evidence did not support the ALJ's development of Plaintiff's RFC, the Court **SUSTAINS** Plaintiff's first objection to the R&R. Doc. 16 at 2.

**E.     The ALJ's Resulting Hypothetical Did Not Account for All Effects of Plaintiff's Mental Impairments.**

"VE testimony as to the existence of jobs will constitute substantial evidence in support of the ALJ's decision if it is in response to a hypothetical question based on an accurate RFC." Massey, 2015 WL 3827574, at *7 (citing Walker v. Bowen, 889 F.2d 47, 50–51 (4th Cir. 1989)). A hypothetical should match the RFC; thus, if an RFC is incomplete, the resulting hypothetical will be incomplete. Mascio, 780 F.3d at 638 ("[T]he hypothetical was incomplete only if the ALJ failed to account for a relevant factor when determining [the RFC].").

Here, the ALJ posed a single hypothetical to the VE:

> I want you to consider Mr. Kearson's age. He's still a younger individual under our Regulations. Consider his high school education and the work that you've just classified.[11] Assume for the time being that he can perform the full range of light work with the following additional restrictions. Only occasional postural activity. He does need to avoid concentrated exposure to loud noise, vibration and hazards of any kind. He needs to be limited to simple routine repetitive tasks with no more than occasional and superficial interaction with the public and coworkers.

R. 59. The VE responded that Plaintiff cannot perform his past work, but Plaintiff could be a pricing clerk, photocopy machine operator, or assembler of small products. Id. at 59–60. The

---

[11] The VE had just classified Plaintiff's previous work as a truck driver, corrections officer, and project manager. Id. at 59; see supra note 3.

VE further testified that someone who could not "maintain regular attendance or perform work activity on a regular sustained basis" could not work. Id. at 60. Plaintiff argues that the hypothetical posed to the VE did not account for the "moderate difficulties" in Plaintiff's concentration, persistence, or pace by simply limiting Plaintiff to "simple[,] routine[,] repetitive tasks." Doc. 16 at 2. Citing an Eleventh Circuit rule that the Fourth Circuit has not adopted, Winschel, 631 F.3d at 1180, Defendant responds that the hypothetical was complete because the RFC limited Plaintiff to unskilled work. Doc. 13 at 14–15.[12] and hypothetical "reflected all of Plaintiff's credibly established impairments." Doc. 13 at 14 n.6.

In Massey, the ALJ posed to the VE a hypothetical substantially similar to the hypothetical here, and the Massey magistrate judge specifically distinguished the facts before him from those in Mascio. 2015 WL 3827574, at *7. While the ALJ in each case found "moderate limitations in concentration, persistence, or pace," and "limited [the] [p]laintiff to simple, routine, repetitive work" or "unskilled" work, id., the Mascio ALJ did not limit the plaintiff's ability to do simple work in any other way; he "gave no explanation," 780 F.3d at 638. The Massey ALJ, on the other hand, "also limited Plaintiff's exposure to noise; his contact with the public, co-workers, and supervisors; changes in his work environment; and his production pace." 2015 WL 3827574, at *7. The Massey magistrate judge thus concluded that the ALJ had formulated the RFC on substantial evidence and provided a "hypothetical to the VE [which] mirrored his RFC determination and properly captured Plaintiff['s] mental limitations." Id.

In Parker v. Colvin, this Court affirmed the ALJ's denial of benefits despite the plaintiff's objection to the hypothetical posed to the VE. No. 3:14cv502, 2015 WL 5793695, at *22 (E.D. Va. Sept. 29, 2015). The Parker ALJ "found that Plaintiff had moderate difficulties with regard

---

[12] Defendant also cites Wedwick and argues that the hypothetical here "reflected all of Plaintiff's credibly established impairments." Doc. 13 at 14 n.6; 2015 WL 4744389, at *21; see supra note 9.

to concentration, persistence and pace." Id. at *23. He posed a hypothetical to the VE that accounted for the plaintiff's physical limitations ("able to stand or walk for six hours in an eight-hour day") and accounted for the plaintiff's mental limitations by limiting the plaintiff "to simple and repetitive tasks with a specific vocational preparation code of no more than two in a non-production oriented work setting" and limited personal interaction. Id. The magistrate judge found that the hypothetical's "non-production work environment restriction" properly accounted for the plaintiff's moderate limitation in concentration, persistence, or pace. Id.; see also Linares, 2015 WL 4389533, at *4; Massey, 2015 WL 3827574, at *7.

In Wedwick, this Court vacated and remanded a denial of benefits when the ALJ's hypothetical to the VE did not account for the plaintiff's "mood disorder [, which] caused [her] moderate difficulty regarding concentration, persistence, or pace." 2015 WL 4744389, at *12. The ALJ found that the plaintiff's mental impairment "interfered with her ability to sustain concentration for the completion of complex or detailed tasks, but she retained the ability to understand, remember and carry out simple instructions and tasks." Id. at *22 (internal quotation marks omitted). Understanding that under Mascio, "a limitation in concentration, persistence and pace correlates to a limitation in ability to stay on task," this Court remanded the decision because the ALJ included the mental limitation in neither his findings on the plaintiff's RFC nor the hypothetical posed to the VE. Id. at *23.

In Handy v. Comm'r of Soc. Sec., the magistrate judge remanded the ALJ's decision because the RFC restriction included "simple, routine, repetitive tasks involving short, simple instructions in an environment with few workplace changes" but included "no corresponding restriction for the finding of moderate difficulties in concentration, persistence, or pace." No. SAG-09-166, 2015 WL 9302972, at *3 (D. Md. Dec. 22, 2015). The magistrate judge conceded

that the ALJ was not required to include such a restriction only if the ALJ instead included "a rationale for why [he] believed [the plaintiff] to have a 'moderate limitation' instead of 'mild' or 'no' limitation in the ability to concentrate and perform work at a sustained pace for a prolonged period." Id. Lacking such an explanation, the ALJ's opinion was incomplete. Id.

Like the Mascio, Massey, Parker, Wedwick, and Handy claimants, Plaintiff has a moderate limitation in concentration, persistence, or pace. R. 18; R&R at 18; see Mascio, 780 F.3d at 638; Handy, 2015 WL 9302972, at *3; Parker, 2015 WL 5793695, at *23; Wedwick, 2015 WL 4744389, at *12; Massey, 2015 WL 3827574, at *7. The ALJ here buttressed his unskilled work hypothetical to the VE with postural, noise, vibration, hazard, and personal interaction limitations. R. 59. He required the VE to consider Plaintiff's sensitivities to noise and extended human interaction in an attempt to account for Plaintiff's mental limitations due to his PTSD, anxiety, and headaches. Id. at 59, 18. However, because the RFC lacked a limitation or explanation for Plaintiff's capacity to stay on task, the hypothetical was also incomplete. Mascio, 780 F.3d at 638. Unlike the Massey hypothetical, which limited the plaintiff's "production pace," 2015 WL 3827574, at *7, or the Parker hypothetical, which included a limitation for a "non-production oriented work setting," 2015 WL 5793695, at *23, this hypothetical involving simple tasks included no pace restriction correlated to Plaintiff's capacity to stay on task, see R. 59. In fact, because the ALJ did not include such a limitation in his assessment of Plaintiff's RFC—despite Plaintiff's "moderate difficulties" in concentration, persistence, or pace—he never questioned the VE about Plaintiff's ability to concentrate or stay on task. Lacking a limitation for Plaintiff's pace, the hypothetical posed here was insufficient under Mascio. 780 F.3d at 638; Handy, 2015 WL 9302972, at *3; Wedwick, 2015 WL 4744389, at *23.

Because substantial evidence did not support the ALJ's finding based on the hypothetical posed to the VE, the Court **SUSTAINS** Plaintiff's second objection to the R&R.  Doc. 16 at 6.

## V.        CONCLUSION

For the foregoing reasons, the Court **SUSTAINS** Plaintiff's objections to the Magistrate's Judge's Report and Recommendation, Doc. 16, and **DECLINES** to adopt the Magistrate Judge's Report and Recommendation, Doc. 15.  The Court **GRANTS** Plaintiff's Motion for Summary Judgement, Doc. 9, to the extent it seeks reversal of the Acting Commissioner's decision and **DENIES** it to the extent it seeks an award of disability benefits.  The Court **DENIES** Defendant's Motion for Summary Judgment, Doc. 12.  The Court thus **VACATES** and **REMANDS** the Acting Commissioner's decision for further administrative proceedings consistent with this opinion.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

_____/s/_____
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

_aug 9_, 2016

16